## DIAMANTOPOULOS v. GLEKAS.

(Court of Appeals of District of Columbia. Submitted January 5, 1926. Decided February 1, 1926. Rehearing Denied February 19, 1926.)

No. 4359.

1. Executors and administrators ⊙⟶24—Consul of Greece in city of Washington entitled to sole administration of estate of deceased national.

Under Treaty with Greece, incorporating by reference the most favored nation provisions of treaty with Sweden respecting rights of consular officers to administer estates of deceased nationals, and under Code, §§ 273–288, acting consul of Greece in city of Washington is entitled to sole administration of estate of deceased national, as against stranger to estate, whose appointment was sought by a relative of deceased, himself unqualified.

2. Executors and administrators ⊙⟶24—Rule as to court's power to appoint coadministrators applies equally where consular officers are entitled to sole administration.

Rule that, where a qualified person is entitled to sole administration of an estate, court has no power over objections to appoint a coadministrator who is stranger to estate, applies with equal force to rights of administration assured to consular officers by treaty.

Appeal from Supreme Court of District of Columbia, Holding a Probate Court.

In the matter of the estate of Thomas Pappas, deceased. From an order overruling Christian Diamantopoulos' application to be appointed as sole administrator, and appointing Peter Glekas administrator, Christian Diamantopoulos appeals. Reversed and remanded, with instructions.

E. F. Colladay, B. B. Pettus, and J. C. McGarraghy, all of Washington, D. C., for appellant.

J. A. Toomey, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from an order of the lower court overruling the appellant's application to be appointed as sole administrator of the estate of Thomas Pappas, deceased, and appointing the appellee as administrator thereof. The decedent was a Greek citizen who died intestate in the city of Washington on March 5, 1925, leaving a personal estate amounting to about $15,000. He was survived by three brothers as his only next of kin and heirs at law, all of them being citizens of Greece.

One of these, namely, William Pappas, was an alien resident of the District of Columbia; the other brothers resided in Greece.

Soon after decedent's death, two conflicting applications were filed in the probate court of the District relating to the administration of the estate. One was by the resident brother, William Pappas; the other by Christian Diamantopoulos, who is the first secretary of the Greek legation and acting consul of Greece in the city of Washington. In the first application, William Pappas, who, being an alien, could not act as administrator, requested the court to appoint Peter Glekas as administrator, he being a resident citizen and thoroughly qualified to act. In the competing application the Greek consul claimed the right to be appointed as sole administrator of the estate, by virtue of the existing treaty between the United States of America and the republic of Greece. The court refused to appoint the consul as sole administrator, but ordered that the two applicants should be appointed as joint administrators. The consul objected to this order and refused to act under the joint appointment, whereupon the court appointed Glekas as sole administrator of the estate. The consul has appealed from these orders.

The treaty existing between the United States and Greece (33 Stat. 2122), contains the following provisions:

"In the case of the death of any citizen of the United States in Greece, or of a Greek subject in the United States, without having any known heirs or testamentary executors by him appointed, the competent local authorities shall give information of the circumstances to the consular officers of the nation to which the deceased belongs, in order that the necessary information may be immediately forwarded to the parties interested.

"In all that relates to the administration and settlement of estates, the consular officers of the high contracting parties shall have the same rights and privileges as those accorded in the United States of America and Greece, respectively, to the consular officers of the most favored nation."

The "most favored nation" provisions respecting the rights of consular officers to administer upon the estates of deceased nationals are to be found in the treaty existing between the United States and Sweden (37 Stat. 1479), and read as follows:

"In the event of any citizens of either of the two contracting parties dying without will or testament, in the territory of the other contracting party, the consul general, consul, vice consul general, or vice consul of the

nation to which the deceased may belong, or, in his absence, the representative of such consul general, consul, vice consul general, or vice consul, shall, so far as the laws of each country will permit and pending the appointment of an administrator and until letters of administration have been granted, take charge of the property left by the deceased for the benefit of his lawful heirs and creditors, and, moreover, have the right to be appointed as administrator of such estate.

"It is understood, that when, under the provisions of this article, any consul general, consul, vice consul general, or vice consul, or the representative of each or either, is acting as executor or administrator of the estate of one of his deceased nationals, said officer or his representative shall, in all matters connected with, relating to, or growing out of the settlement of such estates, be in such capacities as fully subject to the jurisdiction of the courts of the country wherein the estate is situated as if said officer or representative were a citizen of that country and possessed of no representative capacity whatsoever."

The laws of the District of Columbia provide that, subject to the discretion of the court, administration of the estate of intestates shall be granted to their surviving relatives in a certain prescribed order, or in given cases to creditors, but that in the absence of competent relatives or creditors administration shall be granted at the discretion of the court. Code D. C. §§ 273 to 288. The Code contains no reference to any right of consular officers to administer upon the estates of their deceased nationals.

It is apparent from the record that Peter Glekas was not a relative or creditor of the deceased; and it may be assumed that no question was made as to the personal fitness or qualifications of either Glekas or the Greek consul. A lawful bond, of course, would be required of either, if appointed. The only question, therefore, is whether the consul was entitled to act as sole administrator, in the absence of competent relatives or creditors of the decedent.

[1] We think that the consul was entitled to the sole appointment under these circumstances. The pertinent provisions of the treaty with Sweden were imported by reference into our existing treaty with Greece, and accordingly, if any citizen of either country should die intestate in the other country, the consul of the intestate's country should, "so far as the laws of each country will permit, * * * take charge of the property left by the deceased for the benefit of his lawful heirs and creditors, and, moreover,

have the right to be appointed as administrator of such estate." These provisions do not merely make the consul eligible for such an appointment; they plainly give him a right to it.

We do not overlook the modifying clause, "so far as the laws of each country will permit"; but, waiving for the present the disputed question whether that clause qualifies the last provision above quoted, it is clear that it can have no application in this instance, since the appointment of the consul under these circumstances would not contravene any law of the District of Columbia. It is true that the District Code permits of the exercise of discretion in such cases by the appointing court, but as was said by Chief Justice Alvey in Williams v. Williams, 24 App. D. C. 214, 217: "The words at the end of the section, 'and further subject to the discretion of the court as follows,' have reference to the relations and conditions of persons prescribed in the succeeding sections. The right of administration is a valuable right, and those upon whom that right has been conferred by statute should not be deprived of it, except as the statute has provided."

[2] It is also established by the foregoing decision, and by Williams v. Williams, 25 App. D. C. 32, 4 Ann. Cas. 549, that where a person is entitled by law to act as administrator of an estate, and is a fit and qualified person, such person is entitled to the sole administration of the estate, and it is beyond the power of the probate court, over objections, to appoint a coadministrator who is a stranger to the estate. These statements apply with equal force to the rights of administration which are assured to consular officers by treaty.

This subject has been the basis of many judicial decisions. These have related generally to the provisions contained in the treaty with the Argentine Republic, concluded July 27, 1853, that, if any citizen of either country should die intestate in the territory of the other country, the consul of the intestate's country should "have the right to intervene in the possession, administration, and judicial liquidation of the estate of the deceased, conformably with the laws of the country, for the benefit of the creditors and legal heirs." It has been held by the courts of several states that under the foregoing provisions the foreign consul has a paramount and exclusive right to administration in preference to persons designated by the statutes of the state. In re Lobrasciano, 77 N. Y. S. 1040, 38 Misc. Rep. 415; In re Sinovcic, 86 A. 917, 80 N. J.

Eq. 260; In re Wyman, 77 N. E. 379, 191 Mass. 276, 114 Am. St. Rep. 601.

The following decisions, however, are to the opposite effect: Pagano v. Cerri, 112 N. E. 1037, 93 Ohio St. 345, L. R. A. 1917A, 486; In re Servas' Estate, 146 P. 651, 169 Cal. 240, Ann. Cas. 1916D, 233; Austro-Hungarian Consul v. Westphal, 139 N. W. 300, 120 Minn. 122; Chryssikos v. Demarco, 107 A. 358, 134 Md. 533; Estate of Ghio, 108 P. 516, 157 Cal. 552, 37 L. R. A. (N. S.) 549, 137 Am. St. Rep. 145, affirmed under the title Rocca v. Thompson, 32 S. Ct. 207, 223 U. S. 317, 56 L. Ed. 453. In the case last cited the language of Mr. Justice Day, when comparing the Argentine treaty with the treaty with Sweden, impliedly states that the provisions of the latter are sufficient to commit the administration of estates of citizens of one of the countries, dying in the other, exclusively to the consul of the foregn nation. See, also, In re Estate of D'Adamo, 106 N. E. 81, 212 N. Y. 214, L. R. A. 1915D, 373.

These decisions, however, do not directly apply to circumstances like those now before us, and for the reasons above given we reverse, with costs, the order of the lower court appointing the appellee as administrator as aforesaid, and remand the cause, with instructions to appoint the appellant as such administrator.